IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**RONNIE DAVIS WALLS**                                            **PLAINTIFF**

**VS.**                                            **CIVIL ACTION NO. 5:06CV188**

**CLIFTON KAHO, ET AL.**                                            **DEFENDANTS**

### REPORT AND RECOMMENDATION

THIS MATTER is before the court on plaintiff's motion to amend his complaint [45-2], plaintiff's motion to misjoin or voluntarily dismiss defendants [45-3], and defendant Kaho's motion to dismiss for failure to state a claim or, in the alternative, for summary judgment [20][22]. Having reviewed the submissions of the parties and the applicable law, the undersigned recommends that the motion to amend the complaint be granted in part and denied in part;[1] that the motion to misjoin or voluntarily dismiss defendants be granted; and that the motion to dismiss for failure to state a claim or in the alternative for summary judgment be dismissed as moot.[2]

Motion to Misjoin or Voluntarily Dismiss Defendants

Plaintiff has filed a Motion to Misjoin or Voluntarily Dismiss Defendants, in which he requests that defendants Farris, Hannah, Brown, Bunkley, Aultman and Johnson be dismissed,

---

[1] Although motions to amend pleadings are generally referred to the Magistrate Judge for disposition, because this motion affects a dispositive motion [20] currently pending before the District Judge, it cannot be referred. *See* Rule 72.4 of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi.

[2] If, however, the motion to amend is not granted in part/denied in part as set forth herein, then the motion to dismiss/motion for summary judgment should not be ruled on at this time, as it will be the subject of a separate Report and Recommendation.

because "no relief has been demanded of them nor has a claim for relief been stated against neither [sic] of them" (citing to the proposed amended complaint). Defendants Johnson, Aultman, Foster and Walker filed a response to the motion [51], stating that they have no objection to the relief requested. Defendant Kaho separately filed a response [55] stating that he has no objection to the relief requested. The other defendants have not responded. Accordingly, the court recommends that the claims against defendants Farris, Hannah, Brown, Bunkley, Aultman and Johnson be dismissed without prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Motion to Amend the Complaint

In his original Complaint [1], plaintiff alleges that while being transported to the dentist from Jefferson-Franklin County Regional Correctional Facility ("JFCRCF"), the prison vehicle in which he was traveling was involved in an accident, and that because he was handcuffed and shackled he could not stop his forward momentum, which caused him neck and back injuries. The defendants named in the original Complaint were Clifton Kaho, the warden of JFCRCF and M. Robertson, a transportation officer at JFCRCF who was driving the vehicle in question.[3] In subsequent filings with the court [10][11], plaintiff appeared to be making a claim relating to the post-accident medical care he received at both JFCRCF and at Central Mississippi Correctional Facility ("CMCF"), where plaintiff apparently was transferred after the accident.[4] In response to an Order from the court, plaintiff stated that he wanted to add the following defendants, all of

---

[3] Defendant Robertson has not been served with process. On September 5, 2007, the summons was returned unexecuted [27].

[4] Plaintiff is currently incarcerated at South Mississippi Correctional Institution in Leakesville, Mississippi.

whom work at CMCF and were allegedly involved in the denial of medical care to plaintiff: Nurse Farris, Nurse Hannah, Nurse Brown, Nurse Bunkley, Nurse Johnson, Nurse Aultman, Dr. Foster, Dr. Blackson and Dr. Walker [15].  With the exception of Dr. Blackson, who has not been served, these other new defendants have been served and have appeared in this action.[5]

In his proposed amended complaint, plaintiff expands on the allegations in his original Complaint regarding the accident and adds a new claim regarding JFCRCF's alleged policy of refusing to place seat belts on inmates while they are being transported.  The allegations relating to the accident and the alleged policy regarding seatbelts relate to Kaho, Robertson, and new proposed defendants Winchester and Jefferson County.  Plaintiff also asserts a claim relating to the post-accident medical care he received at CMCF, and seeks to a new defendant - Wexford Health Services, Inc. -  in relation to this claim.  Plaintiff also seeks to add as defendants the liability insurers of each defendant.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "leave [to amend] shall be freely given when justice so requires." Plaintiff's motion to amend his complaint comes relatively early in this litigation, before a *Spears* hearing[6] or any discovery have taken place. Defendant Kaho argues that the motion to amend should not be granted because plaintiff has failed to exhaust administrative remedies as to the accident in question.  However, the plaintiff has not been given an opportunity to refute or otherwise respond to this claim and, therefore, the

---

[5] *See* docket entries [27] [28].

[6] A *Spears* hearing was scheduled for January 10, 2008 in Natchez, Mississippi. However, the hearing was cancelled as plaintiff was unable to attend due to an apparent medical condition.  According to plaintiff [48], while exiting the van at the courthouse on January 10, his leg irons became trapped and he fell out of the van, thereby requiring medical attention at the hospital.

court does not find that this is a proper basis for denying the motion to amend. Defendant Kaho also argues that the proposed amended complaint fails to state a claim against him because, *inter alia*, the transportation of prisoners without seat belts does not constitute deliberate indifference. However, the transportation of prisoners without seat belts can constitute deliberate indifference where plaintiff can demonstrate "a pattern of unconstitutional behavior," such as a large number of prisoners suffering injuries during transport as a result of not wearing seatbelts, and that the defendant was deliberately indifferent to prisoners' safety. *See*, *e.g.*, *Spencer v. Knapheide Truck Equip. Co.*, 1997 WL 342235, at * 3 (W.D. Mo. 1997), *reconsid. denied*, 1997 WL 459761 (W.D. Mo. Aug. 11, 1997). Defendant Kaho may also be liable for plaintiff's injuries if the transportation of prisoners without seatbelts constitutes punishment - and where a policy lacks an express intent to punish, "the court may infer such an intent of the policy is either unrelated to a legitimate penological goal or excessive in relation to that goal." *Id.* (citation omitted). It remains to be seen whether plaintiff can make either showing. Thus, it is premature at this time to conclude that plaintiff's proposed amended complaint fails to state a constitutional claim against Kaho.[7] On its face, the proposed amended complaint appears to state potential claims for relief against defendants (although, of course, no opinion is being expressed as to their merit and viability). Accordingly, the undersigned recommends that plaintiff's motion to amend be granted in part, but denied to the extent that it seeks to add each defendant's liability insurer as a defendant,[8] and that the proposed amended complaint [45-2] be deemed filed with the court as

---

[7] Indeed, Kaho's arguments would be more appropriate in a future motion for summary judgment.

[8] Mississippi does not allow direct actions against insurers, except for the limited purpose of a declaratory judgment. *See*, *e.g.*, *Moore v. United Servs. Auto Ass'n*, 819 F.2d 101, 102 (5th

plaintiff's Amended Complaint (with the exception of the claims against each defendant's liability insurer, which claims should be deemed stricken).[9]

Certain of the defendants (Johnson, Aultman, Foster and Walker) have requested that in the event the motion to amend is granted, plaintiff's claims against them should be severed from plaintiff's claims against Jefferson County, Kaho, Winchester and Robertson [50]. They argue that to allow joinder of these separate claims will result in the litigation of two separate issues." The claims in this lawsuit arise out of a vehicular accident and the subsequent medical treatment plaintiff received (or did not receive) for injuries sustained in that accident. Thus, plaintiff asserts claims against defendants that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all [defendants] will arise in the action." Fed. R. Civ. P. 20. Pursuant to Rule 20, Plaintiff should be allowed to join these claims in this action.

Defendants also argue that the claims should be severed as if they are dismissed, each will count as a separate strike against plaintiff, rather than as only one strike. This argument is unconvincing, as the defendants' desire for the court to assess two strikes does not appear to be a valid basis for severing the claims. Further, no authority is cited to support this proposition.

Accordingly, the undersigned recommends that the request for severance be denied.

---

Cir. 1987); *Johnson v. Great Amer. Ins. Co.*, 213 F.Supp. 2d 657, 661 n.4 (S.D. Miss. 2001).

[9] In summary, if the motion to amend is granted in part and denied in part as set forth herein (and assuming the motion to voluntarily disjoin/dismiss) is granted, this lawsuit will consist of claims against defendants Kaho, Robertson, Winchester and Jefferson County relating to the vehicular accident, and claims against Dr. Foster, Dr. Blackson, Dr. Walker and Dr. Wexford Health Services, Inc. relating to the post-accident medical care plaintiff received at Rankin County.

Motion to Dismiss/Motion for Summary Judgment

On May 29, 2007, Kaho moved to dismiss or, in the alternative, for summary judgment, on plaintiff's original Complaint. The basis of the motion was that in his original Complaint, plaintiff failed to mention Kaho by name at all, and that even assuming that plaintiff's references to "Warden" were meant to refer to Kaho, there were no allegations that Kaho had any knowledge of or was involved in any way in the alleged failure to provide plaintiff with appropriate medical treatment. However, the proposed amended complaint does not contain the same allegations against defendant Kaho as the original Complaint. Rather, those allegations have apparently been withdrawn in the proposed amended complaint, and a new and different claim has been asserted against defendant Kaho, relating to the policy regarding seatbelt use by inmates at Jefferson-Franklin County Regional Correctional Facility. There are no claims in the proposed amended complaint relating to any involvement by defendant Kaho in the alleged denial of medical treatment to plaintiff. Thus, if the motion to amend the complaint is granted in part and denied in part as set forth herein, the motion to dismiss/motion for summary judgment will be moot.[10] *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.") (citation omitted).

---

[10] Defendant Kaho filed today a reply in support of his motion to dismiss/motion for summary judgment [53], in which he argues that the proposed amended complaint fails to state a claim for relief against him. However, Kaho's original motion to dismiss/motion for summary judgment pertains only to the original Complaint and is, therefore, rendered moot if the motion to amend is granted in part and denied in part as set forth herein. If defendant wishes to make a motion for summary judgment on the Amended Complaint in the future, he may do so.

RECOMMENDATION

For the foregoing reasons, it is the recommendation of the undersigned that plaintiff's motion to amend the complaint [45-2] should be granted in part, but denied to the extent that it seeks to add each defendant's liability insurer as a defendant, and the proposed amended complaint [45-2] should be deemed filed with the court as plaintiff's Amended Complaint (with the exception of claims against each defendant's liability insurer, which claims should be deemed stricken); that plaintiff's motion to misjoin or voluntarily dismiss defendants [45-3] should be granted and plaintiff's claims against defendants Farris, Hannah, Brown, Bunkley, Aultman and Johnson be dismissed without prejudice; and that defendant Kaho's motion to dismiss for failure to state a claim or in the alternative for summary judgment [20] [22] should be dismissed as moot.[11]

NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation

---

[11] As stated *supra*, if the court does not grant in part and deny in part the motion to amend as set forth within, then the motion to dismiss/motion for summary judgment should not be dismissed as moot; rather, it should not be ruled on at this time so that a separate Report and Recommendation on that motion can be prepared.

within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

  THIS, the 1st day of February, 2008.

              s/ Michael T. Parker
              United States Magistrate Judge