IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONNIE DAVIS WALLS                                                        PLAINTIFF

VS.                                        **CIVIL ACTION NO. 5:06-CV-188-DCB-MTP**

CLIFTON KAHOE, ET AL.                                                   DEFENDANTS

<u>**ORDER ON MOTIONS**</u>

THIS PRISONER CIVIL RIGHTS MATTER is before the court on the plaintiff's various motions.  Having considered the motions and the entire record in this matter, the court finds and orders as follows:

1.     Plaintiff's motion [86] for leave to propound additional discovery is granted in part and denied in part as set forth below.  At the omnibus hearing held on April 28, 2008, plaintiff provided the court with a list of discovery items that he was seeking.  The court denied as premature or irrelevant three of plaintiff's discovery requests, granted the others, and ordered that there would be no further discovery with respect to the parties that were currently before the court.  In the Scheduling and Case Management Order dated April 29, 2008 [81], the court found that the discovery issues set forth therein would "fairly and adequately develop the issues to be presented to the Court, and no other discovery is deemed reasonable or appropriate" unless "leave of Court is requested and obtained."  In the instant motion, plaintiff seeks to propound ten interrogatories as well as one request for the production of documents.  Some of these items were already requested at the omnibus hearing and denied by the court as either irrelevant or premature.  As for the new requests, plaintiff has given this court no reason why they were not requested at the omnibus hearing.  Moreover, several of these requests are clearly improper subjects for discovery, as they either call for a legal conclusion or they request information to

which plaintiff is simply not entitled.  Nevertheless, the court finds that certain of the interrogatories are proper and, considering that this matter has not be set for trial and one of the defendants has not yet appeared, no party will be prejudiced by permitting certain limited discovery.  Accordingly, plaintiff is granted leave to propound interrogatories 1, 3 and 5 [docket no. 86-2] and same will deemed as propounded this day.  Defendants shall answer same on or before August 15, 2008.  The remainder of the motion [86] is denied.

2.    Plaintiff's motion [87] to strike answer to complaint is denied.  Plaintiff has moved to strike defendant Clifton Kahoe's answer [83] to the amended complaint, on the ground that it was untimely filed.  Plaintiff has previously moved for a default [76] against defendant Kahoe based on his failure to timely file an answer to the amended complaint.  At the omnibus hearing held on April 28, 2008, the court noted that although defendant Kahoe had not yet filed an answer to the amended complaint, he had filed a motion to dismiss [20] the original complaint as well as a motion for summary judgment [22].  Thus, because defendant Kahoe had entered an appearance and had taken action to defend the case, the court denied plaintiff's motion for a default.  However, noting that it "might be helpful from a housecleaning standpoint to have an answer on file," the court ordered defendant Kahoe to answer the amended complaint within ten days.  *See* Transcript [122] at 11-12; Scheduling and Case Management Order at 5.  Defendant Kahoe filed his answer [83] to the amended complaint on April 30, 2008.  Accordingly, plaintiff's motion to strike the answer is denied.

3.    Plaintiff's motion [88] to strike from the record Defendant Kahoe's 1st, 2nd and 3rd affirmative defenses is denied.  Motions to strike defenses are generally disfavored and rarely granted.  *See*, *e.g.*, *U.S. v. Benavides*, 2008 WL 362682, at * 2 (S.D. Tex. Feb. 8, 2008) (citations

omitted).  However, they may be granted where the defense asserted is insufficient as a matter of law.  *McCullough v. Owens Enters., Inc.*, 2008 WL 2374245, at * 3 (S.D. Miss. June 5, 2008) (*citing Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir. 1982)).  If there is a question of law or fact regarding a particular defense, a court must deny a motion to strike.  *Benavides*, 2008 WL 362682, at * 2 (citation omitted).  Whether or not to grant a motion to strike is within the court's discretion.  *Id.* (citation omitted).

The first affirmative defense is failure to state a claim upon which relief may be granted.  This is clearly not insufficient as a matter of law, as several courts have ruled that failure to provide seat belts to prisoners (the central claim of this lawsuit) does not establish an Eighth Amendment violation.  *See*, *e.g.*, *Dexter v. Holston*, 92 Fed. Appx. 637 (10th Cir. Feb. 12, 2004); *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902 (8th Cir. 1999); *Carrasquillo v. New York*, 324 F.Supp. 2d 428 (S.D.N.Y. 2004).  Accordingly, this affirmative defense will not be stricken.

The second affirmative defense is lack of jurisdiction.  As defendants point out in their response to plaintiff's motion, if the court finds - based on the foregoing authority - that there has been no constitutional violation, the only remaining claims in this action would be state tort claims over which this court has no subject matter jurisdiction.  Accordingly, this affirmative defense will not be stricken.

The third affirmative defense is Eleventh Amendment immunity.  The Eleventh Amendment to the U.S. Constitution "bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity."  *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 336 (5th Cir. 2002).  The State of Mississippi has not consented to this suit, and Congress has never acted to abrogate Eleventh

Amendment immunity for purposes of a Section 1983 action. *See Quern v. Jordan*, 550 U.S. 332, 338-41 (1979); *Voisin's Oyster House, Inv. v. Guidry*, 799 F.2d 183, 186 (5th Cir. 1986). Thus, the State of Mississippi is immune from suit under Section 1983. Eleventh Amendment immunity also "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 336 (5th Cir. 2002). Likewise, such immunity applies to state officers and employees. *See Brady v. Michelin Reifenwerke*, 613 F. Supp. 1076, 1080 (S.D. Miss. 1985). Moreover, "[f]or purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents." *Mairena v. Foti*, 816 F.2d 1061, 1064 (5th Cir. 1987) (citations omitted).

According to plaintiff's testimony at the omnibus hearing, defendant Kahoe was the assistant warden at Jefferson-Franklin County Regional Correctional Facility at the time of the events in question. This facility is part of the Mississippi Department of Corrections, which is an arm of the State of Mississippi. Thus, defendant Kahoe is entitled to immunity from plaintiff's claims against him in his *official* capacity. However, Eleventh Amendment immunity does not apply to claims for plaintiff's claims for monetary damages against defendant Kahoe in his *individual* capacity. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991); *Gibson v. Federal Bureau of Prisons*, 112 Fed. Appx. 549, 551 (5th Cir. 2004). In the amended complaint, plaintiff states that he is seeking damages from defendant Kahoe in his "individual or official capacity." *See* Amended Complaint at ¶ 49. Therefore, as plaintiff's claims against defendant Kahoe may be covered by Eleventh Amendment immunity, this affirmative defense will not be stricken.

4.   Plaintiff's motion [89] for more definite statement as to Defendant Kahoe's 4th, 5th and 6th affirmative defenses is denied. These affirmative defenses are, respectively: qualified

4

immunity under federal law; qualified immunity under state law; and sovereign immunity.  In his motion, plaintiff argues that defendant Kahoe "claims these immunities in a purely and completely vague and conclusory fashion, preventing plaintiff from reasonably forming a response thereto," and he requests that defendant provide "facts which detail the premise from which these affirmative defenses are formed."  Rule 12(e) of the Federal Rules of Civil Procedure allows a party to request a more definite statement only with respect to a "pleading to which a responsive pleading is permitted."  Rule 7(a) sets forth the pleadings allowed and states that "[n]o other pleading shall be allowed, except that the court may order a reply to an answer...."  The list of permitted pleadings does not include a reply to affirmative defenses in an answer.[1]  Thus, since this court has not ordered a reply to defendant Kahoe's answer to the amended complaint, plaintiff's motion for a more definite statement is not allowed and, therefore, will be denied.

5.    The court notes that defendants Kahoe, Winchester and Roberts moved for summary judgment [119] on July 1, 2008.  That motion is currently pending, and the plaintiff has not yet responded.  Since the court has granted in part plaintiff's motion for leave to propound additional discovery, *supra*, and has ordered that defendants provide certain information to plaintiff by August 15, 2008, the court shall extend plaintiff's deadline for responding to the motion for summary judgment until August 25, 2008.

SO ORDERED on this 15th day of July, 2008.

s/ Michael T. Parker
United States Magistrate Judge

---

[1] A reply to a "counterclaim denominated as such" is allowed, however.

5