```
              UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      WESTERN DIVISION
```

RONNIE DAVIS WALLS                                          PLAINTIFF

VERSUS                              CIVIL ACTION NO. 5:06cv188-MTP

CLIFTON KAHOE, et al.                                      DEFENDANTS

### ORDER

This matter comes before the Court on the plaintiff's Motion to Vacate Reference to Magistrate [**docket entry no. 90**], Appeal of Magistrate Order Denying Motion for Assistance [**docket entry no. 91**], and Appeal of Magistrate Decision to Deny Motion for Default and for Transcript of Omnibus-Spears Hearing Needed to Decide this Appeal of Magistrate Decision [**docket entry no. 92**]. Having carefully considered said Motions in light of all applicable law and being otherwise fully advised in the premises, the Court finds and orders as follows:

### I. PROCEDURAL HISTORY

On December 19, 2006, Ronnie Davis Walls, the plaintiff herein, filed a § 1983 action in this Court against Clifton Kaho[1] and Melvin Roberts[2]. In the plaintiff's April 24, 2007 Response [docket entry no. 15] to the Court's April 5, 2007 Order [docket entry no. 14], Walls added A. Farris, Dinah Hannah, C. Brown,

---

[1] Contrary to the plaintiff's Complaint and the style of this case, "Kaho" is the correct rendering of this defendant's last name.

[2] The plaintiff inaccurately named one "M. Robertson" as an original defendant in the Complaint.

Glinda Bunkley, Marilyn Johnson, Unknown Aultman, Donna Foster, Joseph Blackson, and T. Walker as defendants.

On January 14, 2008, the plaintiff filed his Motion to Amend Complaint [docket entry no. 45-3] which included his proposed Amended Complaint.[3] In his proposed Amended Complaint, the plaintiff names Jefferson County, Mississippi, Samuel Winchester, Wexford Health Services, Inc., and "unnamed liability insurers of each defendant" as additional defendants in the action. On February 21, 2008, the Court issued an Order [docket entry no. 57] whereby it granted the plaintiff's Motion to Amend Complaint as to defendants Jefferson County, Mississippi, Samuel Winchester, and Wexford Health Services, Inc., but denied said Motion as to each defendant's unnamed liability insurers. In the same Order, the Court also dismissed defendants Farris, Hannah, Johnson, Aultman, and Brown from the case without prejudice.

On April 28, 2008, the Magistrate Judge held an omnibus hearing to address sundry matters relevant to this case. The plaintiff represented himself at said hearing, and counsel for defendants Blackson, Foster, Walker, and Kaho were present as well. During the course of the omnibus hearing, the plaintiff and counsel for Blackson, Foster, Walker, and Kaho executed a written Consent to the Exercise of Jurisdiction by a United States Magistrate Judge

---

[3] By his Text Order of January 23, 2008, the Magistrate Judge deemed Walls's Motion to Amend to have been filed with the Court.

[docket entry no. 80].

## II. ANALYSIS

*A. The Plaintiff's Motion to Vacate Reference to Magistrate*

On May 16, 2008, the plaintiff filed a Motion to Vacate Reference to Magistrate [docket entry no. 90] in which he alleges that he was "tricked and pressured to sign a consent to magistrate without opportunity to read consent form AO 85 while at April 28, 2008 hearing." Walls further contends that the consent form is null and void pursuant to Uniform Local Rule 73.1(B) because not all parties in the action signed the form prior to the date it was filed. According to the plaintiff, these facts present extraordinary circumstances which demand that the Court vacate the reference of the case to the Magistrate Judge pursuant to 28 U.S.C. § 636(c)(4).

Under 28 U.S.C. § 636(c)(1),

> [u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

In interpreting § 636(c)'s consent requirement, the United States Court of Appeals for the Fifth Circuit has held that a party's consent must be both voluntary and expressed in writing. McGinnis v. Shalala, 2 F.3d 548, 551 (5th Cir. 1993); Carter v. Sea Land Servs., Inc., 816 F.2d 1018, 1021 (5th Cir. 1987); accord Johnson

3

v. Hines, 1994 WL 16464057, at *2 (5th Cir. Sept. 15, 1994) (per curiam) (not selected for publication).  Once consent is properly given, a litigant has no absolute right to withdraw consent and demand that an Article III judge hear the case.  Carter, 816 F.2d at 1021.  However, pursuant to 28 U.S.C. § 636(c)(4), "[t]he [district] court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection."  Accord FED. R. CIV. P. 73(b)(3).

The relevant portion of the transcript of the omnibus hearing reads thus:

> [THE COURT]: One of the first things I want to cover with you is who's going to handle the case. You may have been in here a few moments ago when I covered this with Mr. Porter, but I want to repeat it because it's important for your case as well.  When you file your lawsuit, you have two judges assigned to the case. You have a district judge, who's Judge Bramlette, and a magistrate judge assigned to it as well, which is me. You have a right to have your case decided finally, that is, at trial and any disposition of any final motions, by either a district judge or magistrate judge. Now, most people don't know the difference. As far as your case is concerned, there's not going to be much difference which judge handles it. If I handle it, I'm going to follow the same law and consider the same facts as Judge Bramlette. If Judge Bramlette handles it, he would follow the same law and the same facts and apply the same procedures as I would. If you choose me to handle it or you choose Judge Bramlette to handle it, it doesn't matter. You're not going to make one of us upset. We both have a lot of stuff to do. So it's not going to make any

Case 5:06-cv-00188-MTP   Document 141   Filed 08/13/08   Page 4 of 11

4

difference. You don't get any advantage. If you choose Judge Bramlette, he's not going to be real happy and be your buddy and rule for you; and if you choose me, I can't help you out either. Got to rule right down the line based on the law and the facts. So you don't get an advantage or a disadvantage by choosing one or the other, but the only thing we want to do is I either want to put it on my docket to resolve or put it on Judge Bramlette's docket. It doesn't matter.
MR. WALLS: You can handle it.
THE COURT: Pardon?
MR. WALLS: You can handle it.
THE COURT: You wish for the magistrate judge? You want me to handle it?
MR. WALLS: Yes, sir.
THE COURT: Okay. I will only do that if all the parties consent and agree. The law provides that if all the parties consent to the magistrate, the magistrate will handle it. If any party objects -- and they have a right to do so – then the district judge would handle it. What do the defendants say? Let me have you identify yourself, first.
MR. PEDERSEN: Your Honor, I'm Bob Pedersen and I'm representing defendants Foster, Blackston and Walker; and we consent.
THE COURT: All right. Thank you.
MR. WEISSINGER: Your Honor, I'm Charles Weissinger. I represent Clifton Kahoe and Nurse Brinkley. I think she's still in it.
THE COURT: Say that again. Nurse who?
MR. WEISSINGER: Brinkley. All right. She was originally a defendant. I don't know whether she's out or not.
THE COURT: All right. Do those defendants --
MR. WEISSINGER: No. I'm sorry. She was terminated.
THE COURT: Right.
MR. WEISSINGER: So, anyway, but we consent to the --
THE COURT: All right. You're representing at this point Kahoe.
MR. WEISSINGER: Yes, sir.
THE COURT: So all parties consent. If somebody else comes in, they'll need to consent as well. All right. You're about to be handed a

5

>     form. All of you are going to be handed this
>     form which says what I just told you, that the
>     magistrate judge can handle the case if you'd
>     like. We follow the same law, same procedure.
>     You have the same appeal rights. If you have
>     any questions about it, I'll be happy to
>     answer that. But you need to sign indicating
>     that you desire for me to handle it. And,
>     again, if you have any questions about the
>     form, I'll be happy to answer that.
>     (DOCUMENT SIGNED BY ALL PARTIES)

(Omnibus Hrg. Tr. 3:25 - 6:19.)  The Court is of the opinion that the foregoing excerpt clearly demonstrates that the plaintiff's consent was voluntary.  The Consent to the Exercise of Jurisdiction by a United States Magistrate Judge apparently bears the plaintiff's signature[4]; therefore, the plaintiff's consent was expressly made in writing.

The plaintiff having validly consented to the Magistrate Judge's adjudication of the case, the Court will vacate its reference of the action to the Magistrate Judge only in extraordinary circumstances.  28 U.S.C. § 636(c)(4); FED. R. CIV. P. 73(b)(3).  The Court does not find that extraordinary circumstances are present in this case.  There is no evidence in the record that the plaintiff was tricked or unduly pressured into giving his consent.

In addition, the plaintiff is mistaken when he argues that Uniform Local Rule 73.1(B) was violated.   Uniform Local Rule

---

[4] The plaintiff admits that he signed the subject Form AO-85. (Mot. Vac. Ref. Magist. ¶ 3.)

73.1(B) does provide that

> [i]f all parties in a civil action consent to a magistrate judge's exercise of authority described in UNIFORM LOCAL RULE 73.1(A), plaintiff or plaintiff's counsel must file with the clerk of court a Notice of Availability of a United States Magistrate Judge to Exercise Jurisdiction (Form AO 85), signed by all parties or their attorneys. The notice will not be docketed without all such signatures; neither the notice nor its contents may be made known or available to a judge if the notice lacks any signatures required under this rule. A party's decision regarding consent must not be communicated to a judge before a fully executed consent notice is filed.

On the date of the omnibus hearing (April 28, 2008), defendants Kaho, Roberts, Foster, Blackson, Walker, Jefferson County, Mississippi, Winchester, and Wexford Health Services, Inc. remained in the action. Of these defendants, only Kaho, Foster, Blackson, and Walker had entered an appearance before the Court. On June 18, 2008, a Notice of Appearance [docket entry no. 117] was entered by defendants Winchester and Roberts. On July 14, 2008, Wexford Health Services, Inc. first appeared when it filed its Answer [docket entry no. 123] to the plaintiff's Complaint. On July 16, 2008, Jefferson County, Mississippi, filed its Answer [docket entry no. 125], which was its first appearance in the case.

Therefore, inasmuch as the plaintiff and counsel for defendants Kaho, Foster, Blackson, and Walker signed the written consent on April 28, 2008, all then-current parties agreed to have the Magistrate Judge preside over the case. The other named

defendants who had not yet entered an appearance on the date of the omnibus hearing could not have been expected to sign a consent form.  Moreover, on July 24, 2008, Wexford Health Services, Inc. filed its Consent [docket entry no. 136] to the Magistrate Judge's jurisdiction.  Defendants Jefferson County, Mississippi, Winchester, and Roberts joined filed their Consent [docket entry no. 139] on August 5, 2008.  Uniform Local Rule 73.1(B) was not violated because all parties to the action gave their consent at the appropriate times.

Based upon the foregoing, the Court finds that the plaintiff's consent was both express and voluntary, and does not find that extraordinary circumstances exist which would require vacatur of the Court's reference to the Magistrate Judge.  Accordingly, the plaintiff's Motion to Vacate Reference to Magistrate is not well-taken.

*B. The Plaintiff's Appeals of the Magistrate Judge's Orders*

On May 16, 2008, the plaintiff filed his Appeal of Magistrate Order Denying Motion for Assistance [docket entry no. 91] and Appeal of Magistrate Decision to Deny Motion for Default and for Transcript of Omnibus-Spears Hearing Needed to Decide this Appeal of Magistrate Decision [docket entry no. 92].  Pursuant to 28 U.S.C. § 636(c)(3), an party who has been aggrieved in a referred case "may appeal directly to the appropriate United States court of

appeals . . . ."[5]  However, according to the United States Court of Appeals for the Fifth Circuit, "absent a timely objection from appellee, the district judge has the authority to entertain the appeal from an order or judgment of the magistrate judge, even though the parties have signed a consent form indicating that any appeal is to be taken to the court of appeals." Rhome v. Sullivan, 963 F.2d 691, 692 (5th Cir. 1992).

In its Response [docket entry no. 113] to the plaintiff's Appeal of Magistrate Decision to Deny Motion for Default, defendant Kaho objects to the Court's jurisdiction over said appeal. Therefore, pursuant to Rhome, this Court lacks jurisdiction over this appeal.

On the other hand, no defendant having objected to the Court's consideration of the plaintiff's Appeal of Magistrate Order Denying Motion for Assistance, the Court is vested with jurisdiction to hear said appeal.  Id.  In his Appeal, the plaintiff contends that the Magistrate Judge improperly denied his Motion for Assistance [docket entry no. 75] because it failed to consider his argument that defendant Melvin Roberts should be served with process pursuant to MISS. R. CIV. P. 4(c)(4) as permitted by FED. R. CIV. P.

---

[5] Moreover, in the Consent to the Exercise of Jurisdiction by a United States Magistrate Judge, the parties agreed that "[a]n appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."

4(e)(1).  The Court finds that this Appeal has become moot because Melvin Roberts entered a Notice of Appearance [docket entry no. 117] in the case on June 19, 2008, an Answer [docket entry no. 121] to the plaintiff's Complaint on July 2, 2008, and a Consent [docket entry no. 139] to the Magistrate Judge's jurisdiction on August 5, 2008, and thereby submitted himself to the Court's jurisdiction.

### III. CONCLUSION

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Vacate Reference to Magistrate [**docket entry no. 90**] is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's Appeal of Magistrate Order Denying Motion for Assistance [**docket entry no. 91**] is **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the plaintiff's Appeal of Magistrate Decision to Deny Motion for Default and for Transcript of Omnibus-Spears Hearing Needed to Decide this Appeal of Magistrate Decision [**docket entry no. 92**] is **DENIED FOR WANT OF JURISDICTION.  IT IS FURTHER ORDERED** that the Clerk of Court shall designate this Appeal [**docket entry no. 92**] as the plaintiff's Notice of Appeal of the Magistrate Judge's Scheduling & Case Management Order [**docket entry no. 81**] to the United States Court of Appeals for the Fifth Circuit.

**SO ORDERED**, this the 11th day of August 2008.

                                       s/ David Bramlette

**UNITED STATES DISTRICT JUDGE**