IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONNIE DAVIS WALLS                                                            PLAINTIFF

VS.                           **CIVIL ACTION NO. 5:06-CV-188-DCB-MTP**

CLIFTON KAHOE, ET AL.                                      DEFENDANTS

**<u>ORDER</u>**

THIS MATTER is before the court on the plaintiff's motion for Wexford Health Services, Inc. to Respond to Court's Ordered Production [151]. Having considered the motion and the entire record in this matter, the court finds that the motion should be GRANTED.

Following an omnibus hearing held on April 28, 2008, the court entered a Scheduling and Case Management Order [81] in which defendants were ordered to produce certain documents to the court.[1] At the time of the omnibus hearing and Order, Defendant Wexford Health Services, Inc. was not yet before the court. Subsequently, Wexford was served with process and filed an answer [123] to the complaint on July 14, 2008. On October 3, 2008, Wexford filed a Response [150] to the court's ordered production in which it stated that it did not have the information requested in numbers 1, 2, and 4; produced documents responsive to number 3 and stated that it would request updated medical records which would be produced, if available; provided the name of the liability insurer in response to number 5; and stated that it would produce information responsive to number 6.

---

[1] Defendants were ordered to produce the following documents: 1) the name and MDOC number of the inmates riding in the van with Plaintiff on October 10, 2005; 2) all incident reports related to the October 10, 2005 accident; 3) Plaintiff's medical records from the date of the accident to the present; 4) the transportation policies of Jefferson-Franklin County Regional Facility and MDOC; 5) the names and addresses of the liability insurers for each Defendant; and 6) Wexford's policy and procedures relating to providing state inmates with medical care.

In plaintiff's motion, to which Wexford has not responded, plaintiff requests that the court order Wexford to respond to requests 3, 5 and 6. As noted above, Wexford has produced documents responsive to number 3; however, it indicated that it would request updated medical records which would be produced, if available. With respect to request 5, Wexford has provided the name, but not the mailing address, of its liability insurer. And with respect to request 6, Wexford stated that it would produce responsive information. The court is unable to ascertain from the docket what the status is of these discovery requests. Accordingly, the court finds that plaintiff's motion should be granted, and that Wexford should respond to requests 3, 5 and 6.

IT IS, THEREFORE, ORDERED that plaintiff's motion [151] is granted. Defendant Wexford shall respond to requests 3, 5 and 6 of the court-ordered production within twenty (20) days of the date of this Order.

SO ORDERED on this 3rd day of November, 2008.

s/ Michael T. Parker
United States Magistrate Judge