IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONNIE DAVIS WALLS                                                                                   PLAINTIFF

VERSUS                                                 CIVIL ACTION NO. 5:06cv188-MTP

CLIFTON KAHO, ET AL.                                                     DEFENDANTS

MEMORANDUM OPINION AND ORDER

This matter is before the court on separate motions for summary judgment filed by Defendants Clifton Kaho, Samuel Winchester and Melvin Roberts [119] and Defendant Jefferson County [126]. Having reviewed the submissions of the parties, the entire record in this case and the applicable law, for the reasons set forth below the court finds that the motions should be granted and that Plaintiff's claims against the moving Defendants should be dismissed with prejudice.[1]

Factual Background

The instant prisoner civil rights lawsuit, filed *pro se* on December 19, 2006, arises out of a vehicular accident that occurred on October 10, 2005. On that date, Plaintiff alleges that he was being transported from Jefferson-Franklin County Regional Correctional Facility ("JFCRCF") to Central Mississippi Correctional Facility ("CMCF") for dental treatment when the prison vehicle in which he was traveling (being driven by Defendant Melvin Roberts, a

---

[1] The parties having consented to disposition by the Magistrate Judge and the District Judge having entered an Order of Reference [82], the court is authorized to enter final judgment and make dispositive rulings pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 73 and Local Rule 73.1.

1

transportation officer at JCRCF) collided with the vehicle in front of it.[2] Plaintiff claims because his hands and feet were shackled he could not stop his forward momentum and he was "jerked from his seat to the side and to the front," and that as a result of the accident, he has suffered severe pain in his neck, back, arms and legs as well as "popping" in his neck.

At an omnibus hearing held pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), Plaintiff clarified and amended his claims by his sworn testimony.[3] At that hearing, Plaintiff testified that he was asleep at the time of the accident, and when we woke up, he saw that the van had hit the back of the vehicle in front of it. Plaintiff admitted that he did not know how the accident was caused. Plaintiff stated that his claim relating to this accident is that prison officials were deliberately indifferent to his safety by not seatbelting him in the van. He claims that JFCRCF has a policy of refusing to seatbelt inmates while transporting them. Plaintiff asserts these claims against Clifton Kaho, Chief Operations Officer at JFCRCF, Roberts, Samuel Winchester, the Warden at JFCRCF, and Jefferson County, Mississippi, the owner of JFCRCF.[4]

## Summary Judgment Standard

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[2] Plaintiff apparently was transferred to CMCF after the accident. He is currently incarcerated in South Mississippi Correctional Institution.

[3] *See Hurns v. Parker*, 1998 WL 870696, at * 1 (5th Cir. Dec. 2, 1998); *Riley v. Collins*, 828 F.2d 306, 307 (5th Cir. 1987) (stating that plaintiff's claims and allegations made at Spears hearing supersede claims alleged in complaint).

[4] Plaintiff also asserts claims against Drs. Donna Foster, Joseph Blackston and Rochel Walker, and Wexford Health Services, Inc. relating to the post-accident medical care he received at CMCF. These claims are not the subject of the instant Motions for Summary Judgment.

genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus.*, 839 F.2d 1121, 1122 (5th Cir. 1988). "A complete failure of proof on an essential element renders all other facts immaterial because there is no longer a genuine issue of material fact." *Id.*

This court may grant summary judgment only if, viewing the facts in a light most favorable to the plaintiff, the defendant demonstrates that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995). If the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied. *John v. State of Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985). The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues." *Id.* at 712 (quoting *U.S. Steel Corp. v. Darby*, 516 F.2d 961, 963 (5th Cir. 1975)).

There must, however, be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A.*, *Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts. In the absence of proof, the court does not "assume that the nonmoving party could or would prove the

3

necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

Analysis

Many courts - including the Southern District of Mississippi - have held that there is no constitutional right of a prisoner to the use of a seatbelt while being transported, and that while failure to seatbelt a prisoner may give rise to a claim for negligence, it does not give rise to a cognizable constitutional claim. *See*, *e.g.*, *Dexter v. Ford Motor* Co., 92 Fed. Appx. 637, 641 (10th Cir. Feb. 12, 2004) ("The connection between a failure to seatbelt and the risk of serious injury, even if arguably evident under state tort law, is insufficient for purposes of constitutional analysis."); *Freeman v. City of Hattiesburg Police Dep't*, 2007 WL 4180538, at * 1-2 (S.D. Miss. Nov. 20, 2007) (citation omitted) (holding that plaintiff's claim for failure to seatbelt was not cognizable under 42 U.S.C. § 1983); *Young v. Hightower*, 2007 WL 2214520, at * 6 (E.D. Mich. July 27, 2007) ("no Eighth Amendment violation occurs simply by transporting a prisoner un-seatbelted in a prison vehicle."); *Mojet v. Transport Driver*, 2006 WL 3392944, at * 2 (N.D. Ind. Nov. 22, 2006) ("Transporting inmates in vans without seat belts does not meet the deliberate indifference standard...."); *Oliver v. Ga. Dep't of Corrections*, 2006 WL 3086792, at * 3 (M.D. Ga. Oct. 27, 2006) (holding that, at most, failure to seatbelt constitutes negligence, not a constitutional claim); *Williams v. City of New York*, 2005 WL 2862007, at * 2 (S.D.N.Y. Nov. 1, 2005) (failure to provide seatbelt does not state constitutional claim); *Lopez v. N. Arizona Coca-Cola Bottling Co.*, 2001 WL 1105129, at * 1 (D. Ariz. Sept. 12, 2001) (holding that failure to

equip prison transport van with seatbelts did not rise to level of deliberate indifference).[5]

As noted *supra*, Plaintiff also alleges that JFCRCF has a policy of refusing to seatbelt inmates while transporting them.[6] Defendants were ordered by the court to produce to Plaintiff a copy of the transportation policies of JFCRCF and MDOC. Although not attached to either of Defendants' motions, Defendants filed a copy of this policy with the court when they produced it to Plaintiff [104-3]. The court has reviewed the document, and nowhere in the document is there any mention of a seatbelt policy. Plaintiff has provided the court with nothing more than conclusory allegations that there is such a policy at JFCRCF. This is insufficient to withstand

---

[5] Some courts have held that a prisoner can establish an Eighth Amendment claim based upon failure to seatbelt where he can demonstrate deliberate indifference for his safety - specifically, where the prisoner can establish that failure to seatbelt, combined with either reckless or intentionally dangerous driving, or a deliberate refusal to fasten a prisoner's seatbelt upon request, caused the harm. *See Brown v. Missouri Dep't of Corrections*, 353 F.3d 1038 (8th Cir. 2004) (concluding that prisoner stated a claim against transportation officers who allegedly refused to fasten his seatbelt upon his request and then drove recklessly); *Barela v. Romero*, 2007 WL 2219441, at * 7 (D.N.M. May 10, 2007) (finding that plaintiff articulated cognizable Eighth Amendment claim based on allegations that the transport van in which he was injured was not equipped with seatbelts, and the officer was speeding and stopped suddenly on the highway); *Pendleton v. Schroeder*, 1998 WL 273000, at * 2 (N.D. Cal. May 22, 1998) (refusing to dismiss claim where plaintiff alleged that the system of transporting prisoners - a caravan of patrol cars - was likely to cause accidents that could seriously harm prisoners because the vehicles were driven too fast and too close together and there were no seatbelts for the prisoners, and that defendants deliberately disregarded these risks); *Brown v. Morgan*, 1994 WL 610993, at * 1 (8th Cir. Nov. 7, 1994) (holding that sheriff's refusal to let prisoner wear seatbelt, purposely driving at high rate of speed in bad weather, and smiling when he saw prisoner was frightened were sufficient to establish deliberate indifference and, therefore, reversing dismissal of claim). As noted *supra*, however, Plaintiff testified at the *Spears* hearing that he was asleep at the time the accident occurred, and that he did not know what caused the accident. Nor has Plaintiff alleged that he requested to be seatbelted.

[6] Transportation of prisoners without seat belts can also constitute deliberate indifference where plaintiff can demonstrate "a pattern of unconstitutional behavior," such as a large number of prisoners suffering injuries during transport as a result of not wearing seatbelts. *See, e.g.*, *Spencer v. Knapheide Truck Equip. Co.*, 1997 WL 342235, at * 3 (W.D. Mo. June 17, 1997), *reconsid. denied*, 1997 WL 459761 (W.D. Mo. Aug. 11, 1997). Plaintiff has neither alleged this nor made such a showing.

summary judgment. "Conclusory allegations" and unsubstantiated assertions are not enough to create a real controversy regarding material facts. *See Lujan*, 497 U.S. at 902; *Hopper*, 16 F.3d at 96-97. Moreover, even if the court liberally construes Plaintiff's claims as alleging an unwritten policy at JCRCF regarding seatbelts, and assuming *arguendo* that there were such a policy in existence, this would not be enough to establish a constitutional claim. *See Oliver v. Georgia Dep't of Corrections*, 2006 WL 3086792, at * 3 (M.D. Ga. Oct. 27, 2006) (rejecting claim of failure to have a policy requiring the seatbelting of prisoners while in transit, based on principle that failure to seatbelt inmate does not violate constitution) (*citing Dexter*, 92 Fed. App. at 643-44).

In light of the foregoing, the court finds that Defendants' Motions for Summary Judgment should be granted and that Plaintiff's claims against all the moving Defendants should be dismissed with prejudice.

IT IS , THEREFORE, ORDERED AND ADJUDGED that the Motion for Summary Judgment filed by Defendants Clifton Kaho, Samuel Winchester and Melvin Roberts [119] is granted, that the Motion for Summary Judgment filed by Defendant Jefferson County [126] is granted, and that Plaintiff's claims against these defendants are dismissed with prejudice. A separate judgment will be entered in accordance with Fed. R. Civ. P. 58.

SO ORDERED AND ADJUDGED on this the 31st day of March, 2009.

s/ Michael T. Parker
United States Magistrate Judge