IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

RONNIE DAVIS WALLS                                                          PLAINTIFF

VERSUS                                                   CIVIL ACTION NO. 5:06cv188-MTP

CLIFTON KAHO, ET AL.                                                     DEFENDANTS

**ORDER**

THIS MATTER is before the court on Plaintiff's Motion for Reconsideration [171]. The court, having considered the motion and the applicable law, finds that the Motion [171] should be DENIED.

Plaintiff filed his Motion for Reconsideration [171] on or about April 20, 2009, asking the court to "resurrect the lawsuit." Presumably, Plaintiff is asking this court to reconsider its April 9, 2009 Order [169] granting Defendant Wexford Health Services, Inc.'s Motion for Summary Judgment [159] and Defendants Donna Foster, Joseph Blackston and Rochel Walker's Motion for Summary Judgment [163], as well as this court's March 31, 2009 Order [168] granting Defendants Clifton Kahoe, Samuel Winchester and Melvin Roberts' Motion for Summary Judgment [119] and Defendant Jefferson County's Motion for Summary Judgment [126].

Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, 2005 WL 1528611, at * 1 (S.D. Miss. May 31, 2005). This court has "considerable discretion" in deciding whether to grant a motion for reconsideration. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." *In re Pequeno*, 240 Fed. Appx. 634, 636 (5th Cir. June 20, 2007) (*quoting Templet v.*

*HydroChem, Inc.*, 367 F.3d 473, 477 (5th Cir. 2004)).

A motion to reconsider is not "intended to give an unhappy litigant one additional chance to sway the judge[,]" *McDonald*, 2005 WL 1528611, at * 1 (citations omitted), and its purpose "is not to re-debate the merits of a particular motion." *W.C. Bulley v. Fidelity Financial Servs. Of Miss., Inc.*, 2000 WL 1349184, at * 3 (S.D. Miss. Sept. 8, 2000). Indeed, "[i]f a party is allowed to address a court's reasons as to why a motion was or was not granted, it would render the entire briefing process irrelevant and lead to endless motions to reconsider." *Id.* There are only three grounds for which this court may grant a motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice." *W.C. Bulley*, 2000 WL 1349184, at * 2 (citations omitted). If one of these three grounds is not present, the court must deny the motion. *Id.* at * 3.

In his motion, Plaintiff has cited to no change in controlling law, has not submitted any new evidence, nor has he demonstrated the need to correct a clear error of law or prevent manifest injustice. He merely asks this court to allow him "to spell out the proper and clear allegations of Plaintiff [sic] dispute" and to "resurrect the lawsuit." Accordingly, Plaintiff's motion must be denied.

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Reconsideration [171] is denied.

SO ORDERED this the 8th day of May, 2009.

                                       s/ Michael T. Parker
                                       United States Magistrate Judge